UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
JOSHUA SELTZER, *et al.*,                                     :
:          **ORDER GRANTING IN PART**
                              Plaintiffs,     :          **AND DENYING IN PART**
:          **MOTION TO DISMISS**
           v.                                  :
:          20 Civ. 4685 (AKH)
CLARK ASSOCIATES LLC, *et al.*,               :
:
                              Defendants.    :
:
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiffs brought this action on June 18, 2020, alleging (i) violations of the Stored Communication Act, 18 U.S.C. § 2701 *et seq.*, (ii) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), (iii) breach of implied contract under New York law, and (iv) intentional infliction of emotional distress under New York law. Defendants on July 28, 2020, filed the instant motion to dismiss all claims, except for Plaintiffs' breach of implied contract claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 30.

I heard oral argument on the instant motion to dismiss on February 2, 2021. For the reasons below and those stated on the record, the motion is granted in part and denied in part. Specifically, dismissal is granted as to the Second and Fifth Counts of the second amended complaint ("Complaint") (ECF No. 34), as well as the Third Count, to the extent that the Third Count alleges respondeat superior liability under the Computer Fraud and Abuse Act. Dismissal is denied as to the remaining counts at issue, namely, the First Count and the Third Count, to the extent that the Third Count alleges respondeat superior liability under the Stored Communications Act.

1

Defendants first contend that Plaintiffs fail to state a claim under the Stored Communication Act. *See* ECF No. 31, at 7. The Stored Communications Act provides that it is both a criminal offence and a civil cause of action against anyone who: "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system . . . ." 18 U.S.C. § 2701(a). Reading the Complaint in the light most favorable to the non-moving Plaintiffs and accepting all factual allegations as true, I find that Plaintiffs plausibly allege a claim under the Stored Communications Act. *See Compl.*, at ¶¶ 39–43, 49–53. Specifically, the Complaint plausibly pleads that Defendants intentionally accessed certain third-party ISP systems without authorization, thereby obtaining or altering Plaintiffs' e-mail messages stored on such third-party ISP systems for purposes of backup protection. *See Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 555 (S.D.N.Y. 2008) ("The majority of courts which have addressed the issue have determined that e-mail stored on an electronic communication service provider's systems after it has been delivered, as opposed to e-mail stored on a personal computer, is a stored communication subject to the SCA."); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 146 (3d Cir. 2015) (stating that it is the "specific congressional intent to deal with the particular problem of private communications in network service providers' possession"); *cf. Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 232 (2d Cir. 2020) (holding that the alleged improper use of an employee's emails downloaded onto an accounting firm's computers, as opposed to those stored on ISP systems, were not "in electronic storage" within the meaning of the Stored Communications Act). I therefore deny dismissal as to the First Count and the Third Count, to

the extent that the Third Count alleges respondeat superior liability under the Stored Communications Act.

Defendants then contend that Plaintiffs fail to state a claim under the Computer Fraud and Abuse Act. *See* ECF No. 12–14. To state a private claim under the Computer Fraud and Abuse Act, a plaintiff must plead "damage" or "loss" in excess of $5,000. *See* 18 U.S.C. § 1030(g). Plaintiffs' damage theory rests in large part on their inability to communicate with "current and former clients" after their termination. *See Compl.*, at ¶ 70. This theory is legally insufficient, as client relationships generally belong to the partnership, not the individual attorneys. *See, e.g.*, *Horner v. Bagnell*, 324 Conn. 695, 154 A.3d 975, 987 (Conn. 2017) ("[I]n the absence of a contract between the partners providing to the contrary, a contingency fee matter pending at the time of dissolution is an asset of the *partnership*.") (emphasis added). Plaintiffs' alleged damages to "reputation, humiliation, embarrassment, [and] emotional distress" (*Compl.*, at ¶ 70) are also unrecoverable under the Computer Fraud and Abuse Act. *See Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 474 (S.D.N.Y. 2004) ("Even cases which have taken an expansive view of the CFAA jurisdictional threshold have not suggested that 'loss' can include a cost unrelated to the computer."). Moreover, even viewing the Complaint in the light most favorable to Plaintiffs and accepting all factual allegations as true, I cannot find that Plaintiffs plausibly plead damage or loss in excess of $5,000 resulting from the impairment of their computer system, programs, and files. *See Twombly and Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding that a complaint that merely tenders "conclusory," "threadbare recitals" are insufficient as a matter of pleading). Dismissal is therefore appropriate as to the Second Count and the Third Count, to the extent that the Third Count alleges respondeat superior liability under the Computer Fraud and Abuse Act.

Plaintiffs' final claim is for intentional infliction of emotional distress ("IIED"). *See Compl.*, at ¶¶ 83–91.  To state a claim for the tort of IIED under New York law, a plaintiff must show: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999).  "[T]he standard for stating a valid claim of intentional infliction of emotional distress is 'rigorous, and difficult to satisfy.'"  *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) (quoting *Howell v. New York Post Co., Inc*., 612 N.E.2d 699, 702 (N.Y. 1993)). Indeed, a plaintiff must show that the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  *Stuto*, 164 F.3d at 827 (internal quotation marks and citation omitted).  Here, Plaintiffs have not alleged any facts showing that Defendants acted with intent or recklessness in causing Plaintiffs "severe emotional distress," or tying any of Defendants' conduct to their injury.  *Stuto*, 164 F.3d at 827; *see also Lyman v. City of New York*, No. 96 Civ. 2382 (PKL), 1997 WL 473976, at *3 (S.D.N.Y. Aug. 20, 1997) (dismissing IIED claim where plaintiff alleged "in a conclusory manner that as a result of [defendant's] conduct she has suffered 'severe emotional distress . . . and substantial emotional anguish'"); *Klein v, Metro. Child Servs., Inc*., 954 N.Y.S.2d 559, 562 (App. Div. 2d Dep't 2012) (dismissing IIED claim where "the cause of action . . . states little more than the conclusion that 'plaintiff suffered extreme and grievous mental distress as a result of the extreme and outrageous behavior of the defendants.'").  As such, the Fifth Count of the Complaint is also dismissed.

Plaintiffs shall file a further amended complaint consistent with this order by February 17, 2021.  Defendants shall file an answer by March 10, 2021.  The parties shall attend

a case management conference on April 2, 2021, at 10:00 a.m., to chart further progress in this case.  The Clerk of Court is hereby directed to close the open motion (ECF No. 30).

        SO ORDERED.

Dated:      February 4, 2021               _____/s/_____
            New York, New York           ALVIN K. HELLERSTEIN
                                            United States District Judge