```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOHN SELTZER, et al.,                      :
                                           :
                    Plaintiffs,            :         POST-ARGUMENT ORDER
                                           :
         v.                                :         20 Civ. 4685 (AKH)
                                           :
CLARK ASSOCIATES LLC, et al.,              :
                                           :
                    Defendants.            :
------------------------------------------------------------- x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

On December 8, 2021 I heard oral arguments on Plaintiffs' motion to dismiss counterclaims. For the reasons stated on the record and set forth below, the motion is granted, and Defendants are permitted leave to move to amend the counterclaims.

Defendants' first counterclaim for defamation is dismissed. Defendants do not specify which false statements Plaintiffs made to whom, and under what circumstances. *See Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). Defendants also fail to specify adequately how the statements were defamatory or to plead falsity. *See Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (citations omitted); *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017).

Defendants' second counterclaim for tortious interference with contract is dismissed. Defendants fail to allege the existence of specific contracts, the terms of those contracts, or how any particular third party breached a particular contract. *See Plasticware, LLC v. Flint Hills Resources, LP*, 852 F.Supp.2d 398, 402 (S.D.N.Y. 2012); *Bose v. Interclick, Inc.*, 2011 WL 4343517, at *10–11 (S.D.N.Y. Aug. 17, 2011); *Berman v. Sugo LLC*, 580 F.Supp.2d 191, 208 (S.D.N.Y.2008).

Defendants' third counterclaim for tortious interference with business relations is dismissed. Defendants fail to provide adequate detail as to the nature of the alleged business relations and how Plaintiffs' conduct caused damages. *See 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015); *Abbas v. Martin*, 689 Fed. Appx. 43, 44 (2d Cir. 2017).

Plaintiffs do not contest Defendants' fourth counterclaim for conversion.

Defendants' fifth counterclaim for breach of fiduciary duty is dismissed. Defendants' pleading is impermissibly vague and does not identify how Defendants' property was misused in violation of any duty. *See Dewitt Stern Group, Inc. v. Eisenberg*, 257 F.Supp.3d 542, 585 (S.D.N.Y. 2017).

Defendants' sixth, seventh, and eighth counterclaims for misappropriation of trade secrets under federal and state law are dismissed. Defendants fail to plead the existence of trade secrets and must do more than plead broad categories of information. *See ExpertConnect, LLC v. Fowler*, 2019 WL 3004161, at *7 (S.D.N.Y. July 10, 2019); *TRB Acquisitions LLC v. Yedid*, 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021).

Defendants' eleventh counterclaim for unjust enrichment against Plaintiff Seltzer is dismissed. The parties represent the first basis for the claim—withholding of certain payments from Central Insurance—has been resolved. With respect to the second basis—an increase in Defendants' state tax rate for unemployment insurance—Defendants do not allege damages with sufficient specificity. *See Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011); *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 209 (2007).

Defendants alleged these counterclaims following plaintiff's motion to dismiss the prior versions. *See* ECF Nos. 43, 46, 49. The claims remain deficient, as pointed out above. Defendants may have one more try, provided they move to amend and show good faith basis for their claims. Such motion may be filed on or before January 21, 2022; Plaintiffs' opposition is

due February 4, 2022; and any reply is due February 11, 2022.  The clerk shall terminate ECF No. 50.

SO ORDERED.

Dated:  New York, New York
       December 9, 2021

                                                              _____/s/_____
                                                              ALVIN K. HELLERSTEIN
                                                              United States District Judge