UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOSHUA SELTZER and AARON JACOB,

        Plaintiffs,

 -against-

CLARK ASSOCIATES LLC dba
"CLARK & FOX", JOHN M. CLARK,
and TERRI FERRANTE

        Defendants.
------------------------------------------------------------------X

**ORDER GRANTING MOTION TO DISMISS THE THIRD AMENDED COMPLAINT OF PLAINTIFF JOSHUA SELTZER**

20 Civ. 4685 (AKH)

   Defendants Clark Associates LLC d/b/a Clark & Fox, John M. Clark and Terri Ferrante move to dismiss Plaintiff Joshua Seltzer's Third Amended Complaint on the grounds that he has failed to prosecute this action. [ECF No. 81]. For the reasons below, I grant the motion and dismiss Plaintiff Joshua Seltzer's Third Amended Complaint. This Order is without prejudice to Plaintiff Aaron Jacob.

## BACKGROUND

   This action involves employment-related claims asserted by two Plaintiffs, Joshua Seltzer and Aaron Jacob, against their former employer, the law firm of Clark & Fox.

   Plaintiffs Seltzer commenced this action by filing his Complaint on June 18, 2020. [ECF No. 1.]

   After pre-Answer motions, Plaintiff Seltzer filed a Third Amended Complaint on February 11, 2021. [ECF No. 40.]

   Defendants filed an Answer to the Third Amended Complaint on April 7, 2021.

[ECF No. 46.]

On January 3, 2023, counsel for Plaintiff Seltzer filed a motion to withdraw as his counsel of record for Seltzer. [ECF No. 72.]

Plaintiff Seltzer's former counsel advised me (via its motion to withdraw) that "due to irreconcilable differences, Mr. Seltzer and DeToffol & Gittleman cannot collaborate effectively on this litigation going forward." [ECF No. 72-2.]

On January 4, 2023, counsel for Plaintiff Seltzer filed an affirmation of service of the motion to withdraw, affirming that he sent Plaintiff Seltzer a copy of the motion to withdraw. [ECF No. 74.] The motion was unopposed.

On February 10, 2023, I granted the motion to withdraw. [ECF No. 76.] I ordered that the withdrawing law firm serve a copy of the order on Plaintiff Seltzer and file proof of service on the docket.

In my February 10, 2023, Order, I scheduled a status conference for March 3, 2023, and stated that Plaintiff Seltzer or an attorney retained by him must appear at the conference, with the failure to appear grounds for judgment by default dismissing his action. [ECF No. 76.]

On February 15, 2023, Plaintiff's Seltzer's former counsel filed an affidavit of service indicating that his office served a copy of my February 10, 2023, Order on Seltzer on February 14, 2023. [ECF No. 77.]

On February 28, 2023, I provided call-in information for the status conference and a request to submit the names of all counsel to be appearing. [ECF No. 78.]

On March 1, 2023, counsel for Plaintiff Jacob (and former counsel for Plaintiff Seltzer) provided me with the names of all counsel to the Court via email, "carbon copying" Plaintiff Seltzer with the call-in information.

On March 3, 2023, I held a status conference in this matter. Neither Plaintiff Seltzer nor an attorney on his behalf appeared before the Court. At the status conference, I provided the Defendant leave to file the instant motion.

Having failed to appear at the March 3, 2023, status conference, Plaintiff Joshua Selzer sent me an *ex parte* email asking me to advise him as to whether a conference was held, and claiming that he "may have missed some relevant communications" due to a change in address.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . operates as an adjudication on the merits."

The U.S. Court of Appeals for the Second Circuit has established guidelines for determining whether an action should be dismissed for failure to prosecute. In addressing motions under Rule 41(b), I "assess the dismissal in light of the record as a whole," taking into account five factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*See Dealba v. Bloomingdale's Inc.*, 2020 WL 5095940, at *2 (S.D.N.Y. Aug. 28, 2020) (Hellerstein, D.J.), quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988).

All of these factors weigh in favor of dismissal. First, Plaintiff Selzer has taken virtually no substantive action in this case since it was first filed nearly three years ago. This period is substantially longer than needed to be significant under Rule 41(b). *See e.g. Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980).

Second, Plaintiff Seltzer was properly put on notice that further delays would result in the dismissal of this action. His former counsel served Plaintiff Seltzer with copies of the motion to withdraw, notice of the Court's Order granting the motion, notice of the March 3, 3023 status conference, notice that the Court required Plaintiff Seltzer (or new counsel on his behalf) to appear, and a reminder of the Court's conference. [ECF Nos. 72, 76, 77.] However, despite being put on notice, Plaintiff Seltzer remained completely unresponsive until March 3, 2023, when he sent an insufficient and conclusory *ex parte* email to me, stating "may have missed some relevant communications" due to a change in address. Plaintiff Seltzer, an attorney, was well aware of his obligation to pursue his lawsuit with reasonable diligence and to respond to my orders within a reasonable time, or at least, to employ an attorney who would fulfill those obligations for him. His failure to fulfill those obligations is basis for dismissal.

Third, any further delay would be unreasonable and result in undue prejudice to the Defendants. *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law.").

Fourth, Plaintiff Selzer has made essentially no effort to prosecute this action, resulting in unfairness to Plaintiff Jacob and Defendants.

Fifth, I have given Plaintiff Selzer adequate opportunity to move ahead with his suit, and he has consistently failed to take sufficient action to do so. After three years of litigation, no lesser sanction short of dismissal for failure to prosecute would be efficacious.

## **CONCLUSION**

For the foregoing reasons, I dismiss Plaintiff Joshua Seltzer's Third Amended Complaint with prejudice. This Order is without prejudice to Plaintiff Aaron Jacob. The Clerk shall terminate ECF No. 81.

SO ORDERED.

_____
ALVIN K. HELLERSTEIN
United States District Judge

Dated: March  , 2023